# EXHIBIT A

ELECTRONICALLY FILED
11/3/2014 5:41 PM
16-CV-2014-900197.00
CIRCUIT COURT OF
CLARKE COUNTY, ALABAMA
SUMMER SCRUGGS, CLERK

## IN THE CIRCUIT COURT OF CLARKE COUNTY, STATE OF ALABAMA

| | | |
|---|---|---|
| **THOMAS GATES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | |
| **84 LUMBER COMPANY** | ) | |
| | ) | |
| **ACE HARDWARE** | ) | |
| **CORPORATION** | ) | |
| | ) | |
| **AMERICAN BILTRITE INC.** | ) | |
| | ) | |
| **AMERON INTERNATIONAL** | ) | **Civil Action No.:** |
| **CORPORATION** | ) | |
| | ) | |
| **ASBESTOS CORPORATION LTD** | ) | _____ |
| | ) | |
| **BORG-WARNER MORSE TEC,** | ) | |
| **INC as successor-by-merger to** | ) | |
| **BORG-WARNER CORP.** | ) | |
| | ) | |
| **CONWED CORPORATION** | ) | |
| | ) | |
| **CROWN CORK & SEAL** | ) | |
| **COMPANY, INC.,** individually and | ) | |
| as successor in interest to **Mundet** | ) | |
| **Cork Corporation** | ) | |
| | ) | |
| **CROWN HOLDINGS, INC.** | ) | |
| | ) | |
| **GENUINE PARTS COMPANY** | ) | |
| | ) | |
| **JOHN CRANE, INC.,** f/k/a **John** | ) | |
| **Crane Packing Company** | ) | |
| | ) | |
| **KAISER GYPSUM COMPANY,** | ) | |
| **INC.** | ) | |
| | ) | |
| **METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY** | ) | |
| | ) | |
| | ) | |
| **NATIONAL AUTOMOTIVE** | ) | |
| **PARTS ASOCIATION** | ) | |

**NORFOLK SOUTHERN**
**RAILWAY COMPANY**

**PNEUMO ABEX LLC**

**WESTERN AUTO SUPPLY**
**COMPANY**

**JOHN DOE,** 1-100, inclusive
premises owners, manufactures,
sellers or installers of asbestos-
containing materials and products
(Names & Addresses unknown)

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## COMPLAINT

    **COMES NOW** the Plaintiff, by and through counsel, and files this Complaint stating as follows:

## BACKGROUND FACTS – PLAINTIFF

    1.    Plaintiff, THOMAS GATES, (hereinafter "Mr. Gates" or "Plaintiff") a resident of Alabama, was exposed to asbestos dust, asbestos particles, and asbestos-containing materials (hereinafter "ACMs") and products that were produced, manufactured, specified for use, installed, distributed, sold, and/or placed into the stream of commerce by the employer, producer and/or distributor Defendants during his employment as a machine operator and railroad worker and while performing automotive maintenance on his personal vehicles.

    2.    As a result of his exposure to asbestos dust, asbestos particles, and asbestos-containing materials and products, Mr. Gates has been injured and suffers damages including being diagnosed with an asbestos related disease.

3.      At all times relevant hereto, with the exception of Metropolitan Life Insurance Company and Norfolk Southern Railway Company, the above-named Defendants were in control of premises and/or were manufacturers, processors, importers, converters, compounders, merchants, installers, removers, sellers, distributors, marketers, and/or suppliers of asbestos, asbestos insulation materials, and/or asbestos-containing products (hereinafter referred to as "asbestos products").  In addition, each of the above-named Defendants, acting by and through their servants, agents, and employees, caused such asbestos products to be sold and placed into the stream of commerce.

4.  At all times relevant hereto, Plaintiff was employed by Defendant Norfolk Southern Railway Company  as a bridge tender to perform duties in the furtherance of its interests in interstate commerce by rail within the meaning of the Federal Employers Liability Act (FELA) 45 U.S.C § 51, et seq.

## BACKGROUND FACTS - THE DEFENDANTS

5.      The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

6.      With the exception of Defendant Metropolitan Life Insurance Company, each and every one of the following Defendants produced, distributed, manufactured, installed, insured, owned, and/or maintained and/or controlled the premises, facilities, and worksites containing asbestos-containing products and/or materials, including their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others:

7.      84 Lumber Company, a Pennsylvania corporation, may be served through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama  36104.

8.      Ace Hardware Corporation, a Delaware corporation, may be served through its registered agent, Lexis Document Services, Inc., 150 South Perry Street, Montgomery, Alabama 36104.

9.      American Biltrite, Inc., may be served at its corporate office 57 River Street, Wellesley Hills, MA 02481.

10.      Ameron International Corporation, a Delaware corporation, may be served through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama  36104.

11.  Asbestos Corporation LTD, a Canadian corporation, is a foreign corporation doing business in the State of Alabama; Defendant corporation does not maintain a registered agent in Alabama, although it and/or its predecessors in interest have conducted substantial business in Alabama. Said corporation may be served pursuant to the Alabama Long-Arm Statute at 840 Ouellet, Boulevard West, Thetford Mines, Quebec, G6G 7A5 Canada.

12.      BorgWarner Morse Tec, Inc., as successor-by-merger to Borg-Warner Corporation, a Delaware corporation, may be served through its registered agents Fred S. Ball, Jr., and Richard A. Ball, 200 South Lawrence Street, Montgomery, Alabama 36104.

13.      Conwed Corporation, a Florida corporation, may be served through its registered agent CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama  36104.

14.     Crown Cork & Seal Company, Inc., individually and as successor in interest to Mundet Cork Corporation, a Pennsylvania corporation, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA  19154.

15.     Crown Holdings, Inc., a Pennsylvania corporation, may be served through its highest ranking officer at One Crown Way, Philadelphia, PA  19154.

16.     Genuine Parts Company, a Georgia corporation, may be served through its registered agent CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama  36104.

17.     John Crane, Inc., f/k/a John Crane Packing Company, a Delaware corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.

18.     Kaiser Gypsum Company, Inc., a Washington corporation, may be served through its registered agent, The Corporation Company, 60 Commerce Street, Montgomery, Alabama 36103.

19.     Metropolitan Life Insurance Company, a New York corporation, may be served through its registered agent c/o CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL  36104.  Metropolitan Life Insurance Company did not produce or distribute asbestos or asbestos-containing products; rather, Metropolitan Life Insurance Company insured asbestos products.

20.     National Automotive Parts Association, a Georgia corporation, owned by Genuine Parts Company, may be served through its registered agent, CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama  36104.

21.     Norfolk Southern Railway Company, a Virginia corporation, may be served

through its registered agent Crawford S. McGivaren, Jr., 2001 Park Place North, Birmingham, AL. 35203.

22.     Pneumo Abex LLC, a Delaware corporation, may be served through its registered agent, Prentice Hall Corporation System, 57 Adams Avenue, Montgomery, Alabama  36104.

23.     Western Auto Supply Company, a Delaware corporation, may be served through its registered agent CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama  36104.

24.     Defendants JOHN DOE, 1-100, inclusive manufacturers, sellers, or installers of asbestos-containing products (Names & Addresses unknown), and/or in control of premises where asbestos-containing products are/were in use, are Alabama or foreign corporations, partnerships, associations, or other legal entities which transact business in the State of Alabama and in this county and which are capable of being sued.  Once the identity and whereabouts of John Doe, 1-100, are established, said Defendants will be served with a copy of summons and complaint as provided by law.  Defendants JOHN DOE, 1-100 are subject to the jurisdiction and venue of this Court.

## ALLEGATIONS

25.     Mr. Gates has been diagnosed with and suffers from an asbestos-related disease as a result of his exposure to crocidolite, amosite, chrysotile, tremolite, and other fibrous, incombustible, and chemical-resistant mineral substances commonly and generically referred to as "asbestos."

26.     Asbestos fibers are highly carcinogenic when inhaled or otherwise ingested into the human body and cause irreparable, progressive, and deadly tissue damage which can manifest itself as malignant mesothelioma, lung cancer, and other cancers.  Most airborne

asbestos fibers are microscopic in size, fall at a very slow rate, and can easily be "re-entrained" into the atmosphere.  All asbestos fibers are indestructible up to very high temperatures and do not disintegrate.  Asbestos fibers can be found suspended in the atmosphere of an industrial plant indefinitely, even many years after the ACMs from which the fibers were released are no longer in use.  Suspended asbestos fibers settle on all objects introduced into such environments, including, but not limited to, work clothing, and can be carried from place to place, even away from the work place, by the movement of the person wearing the clothing.  Such asbestos-laden clothing can contaminate a home, car, or other locations by subsequently releasing asbestos fibers into the atmosphere of the new location.

27.     From approximately 1959 to 2003, Mr. Gates was exposed to asbestos and asbestos-containing products.

28.     During the above-stated years, Mr. Gates, while working with and around asbestos and asbestos products manufactured and supplied by Defendants, was caused to inhale asbestos fibers which were released from the said products and became airborne during the products' intended use.

29.      At all times pertinent hereto, the product or products manufactured, distributed, sold, and supplied by the Defendant corporations reached Mr. Gates without any substantial changes in the condition of the product or products from the time they were sold.

30.     Each Defendant, both substantially prior to and during the exposure period, contaminated the work sites of Mr. Gates with respirable asbestos fibers by one or more of the following means:

a.      installing, removing, handling, designing, testing, evaluating, manufacturing, mining, packaging, furnishing, supplying, and/or selling ACMs;

b.    recommending and/or approving (at least tacitly) of the use of ACMs in conjunction with, in, or on equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold;

c.    failing to warn of the health hazards associated with or otherwise discourage the use of ACMs in conjunction with, on, or in equipment and/or other products they installed, removed, handled, designed, manufactured, packaged, furnished, supplied, and/or sold when the use of the same was reasonably foreseeable;

d.    failing to maintain the work sites of Mr. Gates in a reasonably safe manner by allowing those sites to become contaminated with asbestos;

e.    failing to adequately warn Mr. Gates of the danger posed by the inhalation or injection of asbestos fibers, and/or failing to provide appropriate safety equipment to eliminate his exposure to asbestos;

f.    In addition, contractors and subcontractors are sued for negligently installing, removing, selecting, selling, sanding, cutting, and otherwise disturbing asbestos-containing products in such a manner as to cause the release of asbestos fibers;

g.    In addition, premises owners are sued for negligently installing, removing, maintaining, or disturbing asbestos and failing to warn contractor employees of the hazards in their facilities, including their exposure to asbestos.

31.    At all relevant times hereto, the Defendants knew or should have known all of the following:  (1) that asbestos is a deleterious and carcinogenic substance that is extremely

hazardous to human life; (2) that asbestos fibers in all ACMs are easily released into the air and indefinitely contaminate a work environment; (3) that asbestos fibers are virtually indestructible and can easily be "re-entrained" into the work environment for many years after they are initially released; (4) that people are exposed to asbestos through the use and/or presence of ACMs; and (5) that the combined use of ACMs over a significant period of time would pollute Mr. Gates's home and work environment, virtually insuring that he would constantly be exposed to asbestos.

32.    Mr. Gates was employed as a bridge tender by Defendant Norfolk Southern Railway Company in Jackson, Alabama from 1972 to 2003 and, under the FELA (supra), was owed the duty by his employer to provide him with a safe place to work and Defendant Norfolk Southern Railway Company knew, or in the exercise of proper diligence, should have known of the presence, existence and danger presented by asbestos and asbestos dust within Plaintiff's work environment and of his ongoing and continual exposures throughout his railroad employment.  In spite of this knowledge and duty, Defendant Norfolk Southern Railway Company negligently and in violation of the FELA 45 U.S.C. § 51, et seq., failed to provide Mr. Gates a safe place to work by:

      a. furnishing building materials, tools, equipment and other work material which emitted respirable asbestos fibers into Plaintiff's work environment;

      b. failing to furnish Plaintiff with proper protective equipment;

      c. failing to warn Plaintiff of the dangers posed by asbestos materials;

      d. failing to periodically inspect and/or test its work place;

      e. failing to undertake proper medical examinations and diagnostic studies to determine Plaintiff's exposures;

      f. failing to promulgate, implement and enforce rules, regulations and policies to reduce or eliminate Plaintiff's exposure:

      g. failing to comply with existing federal, state and local statutes, ordinances and

regulation relating and pertaining to asbestos fibers and employee exposures to same;

h. failing to comply with the requirements of the Locomotive Inspection Act. 49 U.S.C. §20701et seq.;

i. failing to comply with the requirements of the Federal Railroad Safety Act 49 U.S.C. §20109 et seq.;

j. otherwise failing to provide Plaintiff with a reasonably safe place to work.

## <u>REMOVAL</u>

33.     Removal of this action is improper for the following reasons: (a) the federal courts lack subject matter jurisdiction over this action; (b) this action does not involve a federal question; (c) there is lack of complete diversity of citizenship between the Plaintiff and Defendants; (d) the Plaintiff expressly disclaims every claim arising under the Constitution, treaties, or law of the United States (including any claim arising from an act or omission on a federal enclave, or by any officer of the United States or any agency or person acting under him/her under color of such office);  (e) the Plaintiff expressly disclaims every claim arising from exposure aboard a military vessel or craft and every claim arising from exposure on a military installation; (f) no claim of admiralty or maritime law is raised; (g) the Circuit Court of Clarke County, Alabama is the proper venue for this action; and (h) the claim against Norfolk Southern Railway Company arises under the FELA and jurisdiction and venue are proper in Clarke County under 45 U.S.C. §56 as the railroad has tracks and conducts business within the county and removal is thus prohibited under 28 U.S.C. §1445(a).

34.     Removal based in whole or in part on the bankruptcy of any Defendant, whether named or fictitious, any joint tortfeasors, and/or any predecessor, successor, subsidiary, affiliate, assignee, etc., thereof, would be frivolous.  Under Alabama law, the Defendants are jointly and severally liable to Plaintiff with no right of contribution and/or indemnity among or between

themselves, any other joint tortfeasors, and/or third persons.  The Plaintiff in his/her sole

discretion may choose to pursue a claim against one joint tortfeasor, all tortfeasors, or of any

combination thereof.  Moreover, the Plaintiff, in his/her sole discretion, may choose to collect

any judgment entered against multiple Defendants from one, all, or any combination thereof.

Therefore, the bankruptcy of any entity referenced hereinabove will have no effect on a

removing Defendant's liability to the Plaintiff whatsoever.

**VENUE**

35.    Venue is proper in this Court pursuant to 45 U.S.C. §56 as Defendant Norfolk

Southern Railway Company is a common carrier by rail and conducts said business in Clarke

County at the commencement of this action.   Venue is appropriate with regard to the remaining

Defendants by virtue of the fact that they are joint tortfeasors with the resident Defendants.

Therefore, venue is proper in Clarke County, Alabama.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**

36.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the

averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set

forth herein.

37.  At all times relevant hereto, with the exception of Defendants Metropolitan Life

Insurance Company and Norfolk Southern Railway Company,  the above-named Defendants are

liable to the Plaintiff jointly and/or severally for being generally negligent in failing to provide a

safe product, and more specifically as follows:

      a.    For carelessly and negligently installing, distributing, supplying,

      manufacturing, and selling the said asbestos and asbestos products so as to cause

      injury to the Plaintiff;

11

b.      For carelessly and negligently creating and allowing a dangerous condition to exist by failing to properly package the said products;

c.      For carelessly and negligently allowing a dangerous condition by failing to inspect the packaging of the said products;

d.      For carelessly and negligently creating and allowing a dangerous condition by failing to provide proper instructions for handling said products;

e.      For failing to exercise the requisite degree of care and caution in the distribution, manufacture, supply, and sale of the said products;

f.      For failing to warn and/or adequately warn of the dangers of the product or products when the Defendant corporations knew or should have known that the use and/or exposure to the product or products would cause disease and injury;

g.      For failing to take reasonable precautions to warn of the dangers to which Plaintiff was exposed when the Defendants knew or should have known of the said dangers;

h.      In failing to warn the Plaintiff what would be safe and sufficient wearing-apparel for a person who is exposed to or using the said product or products;

i.      For negligently failing to inform the Plaintiff of what would be safe, sufficient, and proper protective equipment and appliances when using or being exposed to the products;

j.      For failing to test the products;

k.      For failing to remove the product from the market when the Defendant corporations knew or should have known of the hazards of exposure to the products;

l.      For failing to use substitute materials for the asbestos in the asbestos-containing products;

m.      For failing to mark, label, or otherwise identify and distinguish during installation and subsequently those products which contain asbestos;

12

n.      For failing to warn the Plaintiff's employer of the dangers associated with the inhalation of asbestos fibers;

o.      In negligently suppressing the dissemination of medical and scientific information relating to the harmful effects of exposure to asbestos and asbestos-containing products and in prohibiting the publication of certain scientific and medical articles.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.


### SECOND CAUSE OF ACTION
### <u>STRICT LIABILITY</u>

38.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

39.  At all times relevant hereto, with the exception of Defendants Metropolitan Life Insurance Company and Norfolk Southern Railway Company, the above-named Defendants are strictly liable to the Plaintiff as follows:

13

a.      For failure to properly, adequately, and safely label the product or products;

b.      For selling a product or products which were in a defective condition and unreasonably dangerous in their design and manufacture at the said time of sale;

c.      For selling a product or products which were in a defective condition because they were without all necessary elements to make them safe for use;

d.      For selling a product or products that were in a defective condition and because of a failure to give adequate and complete warnings of the known or knowable dangers involved in the use and exposure to the product or products.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## THIRD CAUSE OF ACTION
## GROSS, WILLFUL, AND WANTON MISCONDUCT

40.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

41.  The Defendants,  with the exception of Defendant Norfolk Southern Railway Company are liable to the Plaintiff for their gross, willful, and wanton misconduct in knowingly and intentionally concealing and misrepresenting the dangerous characteristics of their asbestos products, as well as concealing the detrimental aspects of asbestos contained in its products to the Plaintiff's health and physical condition.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FOURTH CAUSE OF ACTION
## <u>PREMISES LIABILITY AS TO DEFENDANTS JOHN DOE, 1-100</u>

42.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

43.     Plaintiff was exposed to asbestos while on the premises of the Premises Defendants.  Plaintiff was on Premises Defendants' premises at their express or implied invitation and entered for a purpose connected with the business of Premises Defendants, or their predecessors in interest, that resulted or may have resulted in their mutual economic benefit.

44.     The condition of Premises Defendants' property posed an unreasonable risk of harm to those on the premises and their families, including Mr. Gates.  The presence of asbestos and asbestos dust on Premises Defendants' premises constituted a concealed defect at the time that Plaintiff arrived at the premises.  The manner of use of asbestos and asbestos-containing materials at Premises Defendants' facilities created an unreasonably dangerous condition at these facilities for both primary and secondary asbestos exposure.

45.     While Plaintiff was working at these premises, his work activity included being exposed to asbestos particles and asbestos dust.

46.     As the possessors, owners, operators, managers, and/or occupiers of the premises, Premises Defendants had non-delegable duties to keep the premises safe for invitees.

47.     Premises Defendants knew or should have known of the danger of exposure to asbestos or asbestos dust on their premises and failed to exercise ordinary care to protect Plaintiff from the danger.  Premises Defendants failed to adequately warn Plaintiff and others working with asbestos of the presence and hazards of asbestos and asbestos dust and failed to make this

condition reasonably safe.  These failures were a proximate cause of Plaintiff's injuries and damages.

48.     Further, Premises Defendants, or their predecessors in interest, engaged in negligent activity by exposing Plaintiff secondarily to asbestos particles and/or asbestos dust. Premises Defendants, their agents, servants, and/or employees were further guilty of certain acts, wrongs, omissions, and/or undertakings with respect to the use and misuse of asbestos-containing products at Premises Defendant's facilities, each of which, independently or in combination with one another, amount to negligence.  This negligent activity, omission or undertaking was a proximate cause of Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

## FIFTH CAUSE OF ACTION
## CONSPIRACY AGAINST METROPOLITAN LIFE INSURANCE COMPANY

49.     The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

50.     Defendant Metropolitan Life Insurance Company agreed and conspired with miners, manufacturers, sellers, distributors, and installers of asbestos-containing products to suppress and misrepresent the hazards of exposure to asbestos.

51.     Defendant Metropolitan Life Insurance Company, as well as other members of the asbestos industry, engaged in investigations and research as to the hazards of asbestos and often edited out material deemed to be potentially harmful to the asbestos industry and only published favorable portions of their findings and/or refrained from publishing anything.  Furthermore, Metropolitan Life Insurance Company financially aided the asbestos industry in its endeavors to mislead and obfuscate.

52.     Defendant Metropolitan Life Insurance Company knowingly and willfully conspired to perpetuate the actions and omissions referred to herein as well as aided and abetted manufacturers of asbestos-containing products in keeping the Plaintiff, other business invitees, users, bystanders, household members, members of the general public, and others similarly situated ignorant of the risks they faced when exposed to asbestos and asbestos-containing products knowing that they would not discover or realize the danger or would fail to protect themselves against it.

53.     Defendant Metropolitan Life Insurance Company directly and indirectly materially misrepresented that asbestos was not hazardous and/or could be used safely when they:

        a.     Had no adequate basis for such representations;

        b.     Knew that a significant health hazard to human life existed from asbestos.

54.     Defendant Metropolitan Life Insurance Company had reason to expect that, as a result of such representation, Plaintiff, other business invitees, users, bystanders, household

18

members, members of the general public, and others similarly situated would be exposed to asbestos.

55.     Even after the dangers of asbestos finally began to be known to Plaintiff, other business invitees, users, bystanders, household members, members of the general public, or others similarly situated, Metropolitan Life Insurance Company continued to act wrongfully both individually and together in a conspiracy to mislead and misrepresent the extent of the past wrongful actions and omissions and to destroy records and hide witnesses and other evidence and to such other wrongful and unnecessary action so as to:

> a.   Prevent and delay Plaintiff and others similarly situated from filing legal action to recover for these injuries and/or;
>
> b.    Defeat and/or delay such legal actions and the final collection of any judgment.

56.     Similarly, Defendant Metropolitan Life Insurance Company aided and abetted the manufacturers, miners, suppliers, and users of asbestos and asbestos products in keeping the true dangers of asbestos exposure secret and/or misrepresented.

57.     As a direct and proximate result of the above wrongful conspiracy of Metropolitan Life Insurance Company, Plaintiff was exposed to asbestos and Plaintiff developed the asbestos-related diseases discussed and sustained the injuries described herein.

58.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Metropolitan Life Insurance Company, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, causing Plaintiff to develop the asbestos-related disease aforesaid, which has disabled and disfigured Plaintiff.  Plaintiff has been compelled to expend and become liable for large sums of monies for hospital, medical, and other healthcare services necessary for the treatment of his asbestos-induced disease and conditions.

Plaintiff has experienced great physical pain and mental anguish as a result of his asbestos-induced disease and conditions.  Plaintiff has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts. Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and that it also award Plaintiff interest from the date of judgment and the costs incurred by the court in managing this lawsuit.

**SIXTH CAUSE OF ACTION**
**ACTION UNDER THE FEDERAL EMPLOYERS LIABILITY ACT**
**AGAINST NORFOLK SOUTHERN RAILWAY COMPANY**

59.   The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

60.   Mr. Gates was employed as a bridge tender by Defendant Norfolk Southern Railway Company in Jackson, Alabama from 1972 to 2003.

61.   Defendant Norfolk Southern Railway Company negligently and in violation of the FELA 45 U.S.C. § 51, et seq., failed to provide Mr. Gates a safe place to work by:

    a. furnishing building materials, tools, equipment and other work material which emitted respirable asbestos fibers into Plaintiff's work environment;

20

b. failing to furnish Plaintiff with proper protective equipment;

c. failing to warn Plaintiff of the dangers posed by asbestos materials;

d. failing to periodically inspect and/or test its work place;

e. failing to undertake proper medical examinations and diagnostic studies to determine Plaintiff's exposures;

f. failing to promulgate, implement and enforce rules, regulations and policies to reduce or eliminate Plaintiff's exposure:

g. failing to comply with existing federal, state and local statutes, ordinances and regulation relating and pertaining to asbestos fibers and employee exposures to same;

h. failing to comply with the requirements of the Locomotive Inspection Act. 49 U.S.C. §20701et seq.;

i. failing to comply with the requirements of the Federal Railroad Safety Act 49 U.S.C. §20109 et seq.;

j. otherwise failing to provide Plaintiff with a reasonably safe place to work.

WHEREFORE, Plaintiff demands judgment against the Defendant Norfolk Southern Railway Company.  Further, Plaintiff requests that the Court enter a judgment consistent with the verdict and the costs incurred by the court in managing this lawsuit.

## DAMAGES

62.     Plaintiff adopts, alleges, and incorporates herein by reference all of the applicable averments,  allegations, and disclaimers set forth in the preceding paragraphs of this Complaint as if fully set forth herein and further states:

63.     As a direct and proximate result of one or more of the foregoing acts and/or omissions on the part of Defendants and as a result, in whole or in part, of the foregoing acts and/or omissions of Defendant Norfolk Southern Railway Company, Plaintiff was exposed to and inhaled, ingested, or otherwise absorbed asbestos fibers, causing Plaintiff to develop the

asbestos-related disease aforesaid, which has disabled and disfigured Plaintiff.  Plaintiff has been

compelled to expend and become liable for large sums of monies for hospital, medical, and other

healthcare services necessary for the treatment of his asbestos-induced disease and conditions.

Plaintiff has experienced great physical pain and mental anguish (including the fear of

contracting mesothelioma) as a result of his asbestos-induced disease and conditions.  Plaintiff

has been hindered and prevented from pursuing his normal course of employment, thereby losing

large sums of money which otherwise would have accrued him.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, including the

fictitious party Defendants, jointly and severally, and requests that punitive damages be awarded

to Plaintiff in an amount which will fairly and adequately compensate the Plaintiff for the

injuries and damages sustained by the Plaintiff due to Defendants' outrageous and/or other

wrongful behavior.  Plaintiff requests damages in an amount which will adequately reflect the

enormity of the Defendants' wrongful acts and which will effectively prevent other similar acts.

Plaintiff requests reasonable attorney's fees.  Further, Plaintiff requests that the Court enter a

judgment consistent with the verdict and that it also award Plaintiff interest from the date of

judgment and the costs incurred by the court in managing this lawsuit.

Respectfully submitted this 13th day of November, 2014

s/G. Patterson Keahey
G. PATTERSON KEAHEY (KEA004)
ASB-6357-A64G
*Attorney for Plaintiff*

LAW OFFICES OF G. PATTERSON KEAHEY
One Independence Plaza, Suite 612
Birmingham, Alabama 35209
PHONE:        205-871-0707
FACSIMILE:  205-871-0801
EMAIL:         efile@mesohelp.com

s/G Eric D. Jackstadt_____
Eric Daniel Jackstadt
ASB-2618-J67E
*Attorney for Plaintiff*

NAPOLI BERN RIPKA SHKOLNIK
& ASSOCIATES LLP
103 West Vandalia, Suite 125
Edwardsville, IL  62025
PHONE:          618-307-4528
FACSIMILE:    312-878-3894
EMAIL:          ejackstadt@napolibern.com


**NOTICE TO THE CLERK OF COURT:**


**PLEASE SERVE A COPY OF THE SUMMONS AND COMPLAINT UPON ALL DEFENDANTS BY U.S. CERTIFIED MAIL.**