IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS GATES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0076-WS-N |
| | ) |
| 84 LUMBER COMPANY, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to remand.  (Doc. 42).  The plaintiff and the removing defendant ("Pneumo Abex") have filed briefs and evidentiary materials in support of their respective positions, (Docs. 43, 53, 54), and the motion is ripe for resolution.

Pneumo Abex timely removed this action on the basis of diversity of citizenship.  The complaint names 17 defendants, and the plaintiff does not dispute that complete diversity existed at the time of removal.  (Docs. 18, 39).  But the plaintiff denies that Pneumo Abex has met its burden of proving by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.  (Doc. 43 at 7).

The complaint alleges that, as a result of exposure to asbestos, the plaintiff has been "diagnosed with an asbestos related disease"; that exposure to asbestos fibers can cause "irreparable, progressive, and deadly tissue damage which can manifest itself as … lung cancer"; that he was exposed to, and inhaled, these fibers for over 40 years; that as a consequence he developed "the asbestos-related disease aforesaid," which "has disabled and disfigured" him; that he has "become liable for large sums of monies for hospital, medical, and other healthcare services necessary for the treatment of his asbestos-induced disease and conditions"; that

he "has experienced great physical pain and mental anguish … as a result of his asbestos-induced disease and conditions"'; and that he "has been hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued him [sic]." (Doc. 1-1 at 7-8, 22-23). Pneumo Abex has also presented as evidence the plaintiff's interrogatory responses from a previous lawsuit in which he states that he developed lung cancer in 2011 due to his exposure to asbestos products, including those of the defendants. (Doc. 39-1 at 13-14).

In the face of this mountain of material from the plaintiff's own pen, his contention that Pneumo Abex has not carried its burden is but a grasping at straws. He says that his being "disabled and disfigured" is too vague a condition to suggest a significant amount of damage, that "great" physical pain and mental anguish could be mere trifles, that "large" medical bills and lost earnings could easily mean almost no loss at all, and that his lung cancer "do[es] not provide any further basis" for establishing the amount in controversy. (Doc. 43 at 9-10; Doc. 54 at 4-5).[1]

As the plaintiff concedes, (Doc. 43 at 8), a court may find the jurisdictional threshold satisfied based on "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Among the tools a court may employ are "judicial experience and common sense," *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010), and the removing defendant can certainly rely on these tools in assessing the allegations of the complaint itself.

---

[1] Ignoring Pneumo Abex's discussion of *Dart Cherokee Basin Operating Company v. Owens*, 135 S. Ct. 547 (2014), the plaintiff also "objects to Defendant's belated introduction of evidence" in opposition to his motion to remand. *Dart Cherokee* on its face nullifies the plaintiff's objection. *See id*. at 544 ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

*E.g., Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). While it may be theoretically possible that a demand for damages for disability, disfigurement, lung cancer, great physical pain, great mental anguish, large medical bills and large amounts of lost income places less than $75,000 in controversy, the plaintiff's allegations and interrogatory response, combined with the reasonable deductions, inferences and extrapolations therefrom and viewed through the lens of judicial experience and common sense, make it abundantly clear that Pneumo Abex has demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

After briefing on the motion to remand concluded, the plaintiff obtained dismissal without prejudice of all defendants but one, some by joint motion and some by notice of voluntary dismissal. (Docs. 56, 59, 60, 63, 67). The sole remaining defendant is Norfolk Southern Railway Company ("Norfolk"), and the sole claim against Norfolk is under FELA. (Doc. 1-1 at 12, 14, 16-18, 21). Such an action "may not be removed to any district court of the United States." 28 U.S.C. § 1445(a). The plaintiff and Pneumo Abex agree that the FELA claim must be remanded based on Section 1445(a)[2] but disagree as to whether the entire action must be remanded along with it.[3] The Court need not wade into that thicket, since only the FELA claim remains.

For the reasons set forth above, the plaintiff's motion to remand is **granted**. This action, now consisting only of one FELA claim against Norfolk, is **remanded** to the Circuit Court of Clarke County.

DONE and ORDERED this 14th day of May, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *E.g., Gamble v. Central of Georgia Railway Co.*, 486 F.2d 781 (5th Cir. 1973).

[3] Norfolk has filed nothing concerning the issue.

3